UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         -against-<br><br>ALBANESE ORGANIZATION, INC. and its subsidiaries and affiliates; NORTH END ASSOCIATES, LLC; and SLCE ARCHITECTS, LLP,<br><br>                    Defendants, and<br><br>RIVER TERRACE ASSOCIATES, LLC;<br>CHELSEA ASSOCIATES, LLC;<br><br>                    Relief Defendants. | [~~PROPOSED~~] **DISBURSEMENT ORDER**<br><br>17 Civ. 00358 (JSR) |

    1. On February 12, 2017, this Court entered a Consent Decree (the "Developer CD") between plaintiff the United States of America (the "Government") and Albanese Organization, Inc., a New York Corporation and its subsidiaries and affiliates, including, North End Associates, LLC, River Terrace Associates, LLC, and Chelsea Associates, LLC (together, the "Developer Defendants"). The Developer CD resolved claims alleged in the Government's Complaint in this action against the Developer Defendants.

    2. On May 19, 2017, this Court entered a Consent Decree (the "Architect CD") between the Government and SLCE Architects, LLP (the "Architect Defendant"). The Architect CD resolved claims alleged in the Government's Complaint in this action against the Architect Defendant.

    3. Paragraph 57 of the Developer CD provides that, if less than the total amount of the Developer Settlement Fund is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Developer

1

Remaining Funds") shall be distributed to one or more qualified organizations, subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City. Paragraph 57 further states that "[b]efore selecting the Qualified Organization(s), the Developer Defendants will obtain a proposal from the organization(s) on how the funds will be used consistent with the above-stated purposes, submit such proposal to the United States, and consult with and obtain the non-objection of the United States" before presenting the proposal to the Court for approval.

4. Paragraph 10 of the Architect CD provides that, if less than the total amount of the Architect Settlement Fund is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Architect Remaining Funds") shall be distributed to one or more qualified organizations, subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City. Paragraph 10 further states that, "[b]efore selecting the qualified organization(s), the Architect Defendant will obtain a proposal from the organization(s) on how the funds will be used consistent with the above-stated purpose, submit such proposal to the United States, and consult with and obtain the non-objection of the United States" before presenting the proposal to the Court for approval.

5. The Government and the Developer Defendants made numerous efforts between 2017 and 2020 to identify potential aggrieved persons and investigate their claims. Among other things, the Developer Defendants published a notice to potential aggrieved persons in *New York Daily News*, *amNewYork*, and in numerous publications of *Straus News*. In addition, the notice was sent to 11 New York-based disability organizations. That notice also was posted on The Verdesian's, The Solaire's, and The Vanguard Chelsea's websites and mailed to past and current residents of

properties owned by the Developer Defendants. Despite these efforts, only one claim was submitted by a potentially aggrieved person. But the Government determined that the claim was outside the scope of the Consent Decrees, and did not identify any claimants entitled to compensation from the settlement funds established by the Developer Defendants and the Architect Defendant.

6. Currently, approximately $175,000, plus accrued interest, remains in the Developer Settlement Fund; the deadline for submitting claims under the Developer Consent Decree has passed; and the Government has determined that no additional aggrieved persons will be identified.

7. Currently, approximately $15,000, plus accrued interest, remains in the Architect Settlement Fund; the deadline for submitting claims under the Architect Consent Decree has passed; and the Government has determined that no additional aggrieved persons will be identified.

8. The Developer Defendants have proposed to the Government an organization to receive the Developer Remaining Funds—Fair Housing Justice Center (FHJC). As a condition for receiving the Developer Remaining Funds, FHJC has stated it would use the funds to implement a set of fair housing education and enforcement activities in New York City within the Southern District of New York that would include (i) assisting FHJC clients with preparing reasonable accommodation and reasonable modification requests so that individuals with disabilities can fully use and enjoy their homes; (ii) payment for a portion of a FHJC staff attorney to manage FHJC's Adele Friedman Housing Accessibility Fund, which provides financial resources to income-qualified households so that they can modify their existing housing to add accessible features; and (iii) implementation of a systemic testing investigation designed to investigate disability discrimination in the sale and/or rental of housing. Finally, FHJC has agreed to submit a report to the Government within one year from receipt of the Developer Remainder Funds to detail how it

has used the funds to further the fair housing activities described above, as well as an additional report to cover the anticipated second year during which it will continue to use the funds.

9. The Architect Defendant has proposed to the Government an organization to receive the Architect Remaining Funds—Community Access. As a condition for receiving the Architect Remaining Funds, Community Access has stated it would use the remainder funds for fair housing enforcement in the properties it manages throughout New York City, comprising 1,400 residential units total. More specifically, Community Access proposes to ensure that HUD fair housing requirements are met in leasing, facilities management, and landlord-tenant relations, including through development of new housing projects, advocacy for more affordable housing in New York City, and the provision of extensive training.

10. The Government has given its "non-objection" to the proposals from the Developer Defendants and the Architect Defendant.

11. The Court hereby approves the selection of FHJC and approves the disbursement of the Developer Remaining Funds from the Developer Consent Decree to FHJC.

12. The Court hereby approves the selection of Community Access and approves the disbursement of the Architect Remaining Funds from the Architect Consent Decree to Community Access.

13. The Developer Defendants are hereby ordered to disburse the Developer Remaining Funds as required by Paragraph 57 of the Developer CD to FHJC within thirty days of the issuance of this order.

14. The Architect Defendant is hereby ordered to disburse the Architect Remaining Funds as required by Paragraph 10 of the Architect CD to Community Access within thirty days of the issuance of this order.

15. No later than twelve months after receipt of the Developer Remaining Funds, FHJC shall submit a report to counsel for the Government to detail how it has used the funds to pursue fair housing activities during the twelve months following its receipt of the Developer Remaining Funds, and it shall continue to report to the Government on every anniversary date that the first report is due until the Remaining Funds are fully expended.

**IT IS SO ORDERED**:

This 13th day of April 2021.

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE